# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK A. SANGSTER,**

    Plaintiff,

    -vs-                                      Case No. 15-CV-727

**JEFFERY HARDEL,
THOMAS HINES,
STEVE KICKHAVER
NATHAN CIHLAR,
SHAWN FRITSCH,
SANDRA HUNT,
PAUL PISKOTY,
DALE ZANDER,
JANE AND JOHN DOES 1-10,
and RANDY HOENISCH,**

    Defendants.

# SCREENING ORDER

The pro se plaintiff, Derrick A. Sangster, who is incarcerated at the Oshkosh Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $18.06.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

- 2 -

Case 2:15-cv-00727-LA   Filed 08/14/15   Page 2 of 11   Document 7

However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or

laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint allegations took place when the plaintiff resided in an apartment in Wausau, Wisconsin, prior to his current incarceration. The defendants are: Marathon County Sheriff Randy Hoenisch; Wausau Police Department Chief Jeffery Hardel; Wausau Police Officers Dale Zander, Thomas Hines, Nathan Cihlar, Steve Kickhaver, and Paul Piskoty; Marathon County Deputy Sheriffs Shawn Fritsch and Sandra Hunt; and John and Jane Does 1-20, who were police officers and/or special agents of the Marathon County Sheriff's Office at all times relevant.

The plaintiff alleges that on November 26, 2012, his brother Joseph, who was visiting him from Chicago, called 911 and informed dispatch that the plaintiff had guns and drugs in his apartment. Defendants Hines and Kickhaver met the plaintiff's brother in the parking lot outside the

apartment building.  When the plaintiff arrived minutes later, Hines and Kickhaver arrested him on an unrelated warrant and placed him in the squad car.  The officers then accompanied the plaintiff's brother to the entryway of the plaintiff's apartment.  After discovering that the plaintiff's brother did not have a key to get in the apartment, Hines and Kickhaver went to the squad car and attempted to get the plaintiff's consent to enter his apartment.  The plaintiff did not give them consent.  He told them that his brother did not live at the apartment and that he did not want his brother in the apartment.  Officer Piskoty then transported the plaintiff to jail.

After learning that the plaintiff's brother did not live at the apartment and did not have a key, the officers "then conspired, encouraged, directed and acted jointly with (Joseph) a private citizen, to gain entry into the apartment to search for guns and drugs, and told Joseph that they could not search for the guns or drugs unless they could get in the apartment and there was nothing more they could do in that regard." (Compl. ¶ 5.)  The plaintiff's brother kicked the door open, and Hines and Kickhaver entered the plaintiff's apartment while his brother waited outside.  The officers conducted a protective sweep of the apartment, and then the plaintiff's brother entered.  Officer Hines encouraged his brother

to search the plaintiff's bedroom and bathroom. Joseph pulled a panel off from underneath the bathtub and found a vacuum-sealed bag containing marijuana, a plastic sandwich bag containing a "38 Special," and a bag containing cash.

Defendants Fritsch and Hunt arrived and searched the common areas. Defendant Cihlar started working on a drafting a search warrant application to search the plaintiff's bedroom and bathroom. The officers did not start work on getting a search warrant until after they encouraged, directed, and elicited his brother's involvement to help the officers search the plaintiff's private bathroom. Defendant Cihlar obtained a search warrant that evening and then defendant Fritsch searched the bedroom.

The plaintiff alleges that defendants Hardel and Hoenisch failed to exercise their duty to supervise the officers under their control because they knew or should have known of the unlawful practices used by police officers to conduct and to cover-up unlawful searches and seizures, and the deprivation of property. He also alleges that Hardel and Hoenisch failed to correct and/or adequately train officers in the necessary skills to avoid violating citizens' constitutional rights.

The plaintiff claims that the defendant officers, along with his brother Joseph, conspired to violate his Fourth Amendment right to be free

from unlawful searches and seizures/conspiracy. He also claims that the defendant officers violated his Fourteenth Amendment right to be free from deprivation of property without due process of law (substantive due process). The plaintiff further claims that defendants Hardel and Hoenisch failed to supervise their officers and failed to adequately train their officers, in violation of the Fourth and Fourteenth Amendments.

The plaintiff may proceed on a Fourth Amendment claim against defendants Hines, Kickhaver, Cihlar, Fritsch, and Hunt based on the complaint allegations regarding the search at his apartment and the seizure of his property. He may also proceed on a conspiracy claim against these defendants.

However, the plaintiff may not proceed on a substantive due process claim regarding his allegations that the defendants seized his property because his Fourth Amendment claim addresses these allegations. *See Koutnik v. Brown*, 456 F.3d 777, 781 n.2 (7th Cir. 2006). Next, the plaintiff cannot proceed on a failure to supervise claim against defendants Hardel and Hoenisch because there is no supervisory liability under 42 U.S.C. § 1983. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003); *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). He also may not proceed on failure to train claim against these defendants because there is no

- 7 -

Case 2:15-cv-00727-LA   Filed 08/14/15   Page 7 of 11   Document 7

indication that any lack of training resulted in other constitutional violations. *See Bd. of the Cnty. Comm. of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Lastly, the plaintiff may not proceed against defendant Paul Piskoty because he only alleges that Piskoty transported him to jail after he was arrested on an unrelated warrant; the plaintiff does not allege that Piskoty was involved in the search of his apartment.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Jeffery Hardel, Paul Piskoty, and Randy Hoenisch are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in

- 8 -

forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $331.94 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. The plaintiff is further advised that failure to make a timely submission may

result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 11 -

Case 2:15-cv-00727-LA   Filed 08/14/15   Page 11 of 11   Document 7