# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK A. SANGSTER,**

    Plaintiff,

-vs-                              Case No. 15-CV-727

**THOMAS HINES, STEVE KICKHAVER,
NATHAN CIHLAR, SHAWN FRITSCH,
SANDRA HUNT, and DALE ZANDER,**

    Defendants.

## DECISION AND ORDER

The plaintiff has filed a motion to compel discovery. He asserts that the defendants have failed to produce all of the documents he requested in his first and second requests for production of documents. Instead, the defendants requested that the plaintiff pay them $590 for copies of the 2,240 pages of discovery documents from his first request for production of documents. The plaintiff states that he is indigent and does not have $590. He requests that the Court compel the defendants to produce the documents that he requested.

In addition, the plaintiff contends that the defendants' responses to the documents requested in his second request for production of documents were incomplete, non-responsive, and evasive. The plaintiff points to request 9 from that discovery request:

> REQUEST NO. 9: All documents containing information regarding the arrest of plaintiff and search of his residence and seizure of items from plaintiff home on November 26, 2012, including documents prepared by Wausau police officers, any Marathon County Sheriff deputies or employees of the City of Wausau and any persons(s) acting in concert with them. This includes, but is not limited to, documents which were prepared because of the investigations by any Marathon County Prosecuting Attorney; Wausau Detectives; or any Marathon County Sheriff's deputies.

(ECF No. 30-2 at 2.) The plaintiff takes issue with the defendants' response to this request to the extent that they state that the "City of Wausau is not the records custodian for the Marathon County Sheriff's Department, therefore do not possess any of their records." (ECF No. 30-2 at 1.)

The defendants oppose the plaintiff's motion to compel. According to the defendants, they have never refused to produce the documents from the plaintiff's first request for production of documents. Rather, they assert that they have refused to produce copies of the approximately 2,240 pages of documents at no cost to the plaintiff. The defendants state that the plaintiff has failed to cite to any authority that requires them to reproduce the documents to him at no cost. They further state that they will provide the 2,240 documents responsive to the request at the offices of defense counsel and that, because the plaintiff is incarcerated, they will make the documents available to an agent of the plaintiff.

With regard to the Marathon County Records, the defendants reiterate

- 2 -

that, as stated in their response to the plaintiff's discovery request, the City of Wausau is not the records custodian for the Marathon County Sheriff's Department, and therefore does not possess any Marathon County records. The defendants clarify that all of the named defendants are City of Wausau employees, and are not employed by Marathon County.

Under the discovery rules, the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978); see also Fed. R. Civ. P. 26(c).

The defendants do not challenge the relevancy of the documents requested in the plaintiff's first request for production of documents, and they do not contend that responding to the requests would be an undue burden or expense under rule 26(c). Accordingly, the Court will grant the plaintiff's motion to compel the defendants to provide him the 2,240 pages of documents responsive to his discovery request.

However, the Court will deny the plaintiff's motion to compel as to the Marathon County documents. The defendants, as City of Wausau employees, are not the custodians of Marathon County Sheriff's Department records and

cannot be expected to obtain those documents.

Next, the plaintiff has filed a motion for extension of time to the deadlines for the completion of discovery and filing dispositive motions. He requests that the Court extend the deadline for the completion of discovery to June 10, 2016, and the deadline for filing dispositive motion to July 12, 2016. The defendants do not oppose the motion. Accordingly, the Court will grant the plaintiff's request.

## ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for extension of time (ECF No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order is amended as follows: the deadline for the completion of discovery is **June 10, 2016**, and the deadline for filing dispositive motions is **July 12, 2016**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (ECF No. 28) is **GRANTED IN PART AND DENIED IN PART** as described herein.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2016.

**BY THE COURT:**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**