# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DERRICK A. SANGSTER,**
      **Plaintiff,**

    v.                                                      Case No. 15-CV-727

**THOMAS HINES, STEVE KICKHAVER,**
**NATHAN CIHLAR, SHAWN FRITSCH,**
**SANDRA HUNT, AND DALE ZANDER,**
      **Defendants.**

---

## DECISION AND ORDER

The *pro se* plaintiff, Derrick Sangster, is a Wisconsin state prisoner. He filed this civil rights action alleging that, prior to his incarceration, the defendants conspired to search his apartment and seize his property, in violation of the Fourth Amendment. The parties have filed cross-motions for summary judgment. The court will deny plaintiff's motion, grant defendants' motion, and dismiss this case.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTUAL BACKGROUND

### A. The Parties

At all times relevant to this case, plaintiff lived in Wausau, Wisconsin. Defendants Dale Zander, Thomas Hines, Nathan Cihlar, Shawn Fritsch, Sandra Hunt, and Steve Kickhaver are police officers for the Wausau Police Department.

### B. Plaintiff's Claims

Plaintiff claims that defendants violated his Fourth Amendment rights when they searched his apartment on November 26, 2012, after his brother, Joseph Sangster, called 911 and informed a dispatcher that there were guns and drugs in the apartment and he was worried for his safety. Plaintiff was not in the apartment when police arrived. He was arrested on a warrant shortly after they arrived, and subsequently removed from the scene.

Plaintiff alleges that he did not give the officers consent to search his apartment, and that his brother Joseph did not have a legal right to consent to search the apartment because Joseph did not live there. Plaintiff alleges that the officers conspired to gain entry to his apartment to search for guns and drugs, encouraged his brother to search the apartment for the officers, and unlawfully seized his property. Plaintiff claims that defendants manipulated his brother, a paranoid schizophrenic with mental disabilities, to force entry into the apartment and conduct a search on their behalf, as a "private citizen," in violation of his constitutional rights, and conspired to do so.

### C. Defendants' Facts[1]

Plaintiff lived at 3315 Terrace Court in Wausau, Wisconsin, from June or July 2011 until November 2012. On November 26, 2012, Wausau police received a call from Joseph Sangster, plaintiff's brother, who stated he was concerned for his welfare, and was reporting guns and drugs at the apartment. Officers Hines and Kickhaver responded to the call. Officers Zander, Hunt, and Cihlar responded later to the apartment.

While Officer Hines was speaking to Joseph Sangster in the parking lot outside of the apartment, plaintiff approached Officer Hines. Plaintiff denied that his brother Joseph was living at the apartment or had any connection to the apartment. During the call, plaintiff was arrested because there was an unrelated warrant for his arrest with a

---

[1] This section is taken from Defendants' Proposed Findings of Fact filed in support of their motion for summary judgment. Defendants' facts are undisputed because plaintiff did not respond to them as required by the Local Rules. *See* Civil L.R. 56(b)(2) (E.D. Wis.). In addition, plaintiff did not file his own proposed findings of fact. *See* Civil L.R. 56(b)(1) (E.D. Wis.).

bond amount of $1,000.00. Plaintiff was removed from the scene subsequent to his arrest.

Officers Hines and Zander conducted a protective sweep of the apartment. Later, officers, including Officer Cihlar, obtained a search warrant and searched the apartment. Officer Fritsch, who is a drug investigator, also responded to the scene and assisted with the drug investigation. Officer Kickhaver, who responded to the call as a backup officer, never entered the apartment. The officers found marijuana, scales, baggies, fire arms, and ammunition in the apartment and adjacent areas.

Plaintiff was charged with possession of THC with intent to deliver, in violation of Wis. Stat. § 961.41(1m)(h)1; with being a felon in possession of a firearm, in violation of Wis. Stat. § 941.29(2)(a); with Bail Jumping in violation of Wis. Stat. § 946.49(1)(b); and with theft of movable property, in violation of Wis. Stat. § 943.20(1)(a). During the course of his criminal prosecution plaintiff was represented by four separate defense attorneys, John M. Bliss, Julianne Lennon, Ryan Lister and Christina Starner.

On February 15, 2013, plaintiff's criminal defense attorney filed with the court a motion to suppress the evidence due to illegal search of the residence. On April 10, 2013, plaintiff's criminal defense attorney filed with the court a motion to quash the search warrant and to suppress evidence on the grounds that the search warrant was illegally obtained.

On May 8, 2013, the State of Wisconsin and plaintiff appeared in Marathon County Circuit Court, the Hon. Thomas Cane presiding, to argue various pretrial motions filed by the State and by plaintiff. Plaintiff was represented by his attorney, Julianne Lennon. Two of the pretrial motions being considered were plaintiff's motions

to suppress evidence due to plaintiff's belief that the search of his residence by the defendants was illegal, because his brother Joseph did not have the right or authority or capacity to consent to search of plaintiff's apartment, and to quash the search warrant.

Officer Hines testified at the hearing, and was cross-examined by plaintiff's criminal defense counsel. Plaintiff also testified at the hearing. At various times during the May 8, 2013, motion hearing and the subsequent May 13, 2013, motion hearing, both the State and the defense played portions of the audio of the squad video which recorded the encounter while plaintiff was under arrest and placed in the squad. The tape was offered into evidence and admitted. The pretrial motions were not fully presented, argued or decided at the May 8, 2013, hearing so the hearing was continued to the next day.

On May 9, 2013, the parties reconvened for a continuation of the motion hearings, including the motion to suppress evidence based on the alleged unlawful search, and the motion to quash the search warrant. Plaintiff continued to be represented by defense attorney Julianne Lennon. Officers Kickhaver, Cihlar and Fritsch testified. Plaintiff's mother, LaVette Morton, also testified at the May 9, 2013, hearing relative to the suppression motion. Twenty-two exhibits were offered and admitted during the hearing. At the end of the May 9, 2013 hearing, the parties and court had still not completed presenting and deciding all of the pretrial motions.

On May 13, 2013, the parties again reconvened to continue to argue and consider the pretrial motions. Plaintiff continued to be represented by his criminal defense attorney, Julianne Lennon. Officers Zander and Fritsch testified at the suppression hearing, and four exhibits were offered and admitted. Derrick Sangster's

father, Darrow Fowler, testified at the May 13, 2013 suppression hearing. Joseph Sangster, plaintiff's brother, also testified. Joseph testified about the circumstances surrounding him calling the police on November 26, 2012, and his discussions relative to their entry into the apartment and search of the apartment.

The testimony and exhibit evidence relative to the suppression motion, including the legality of Joseph's consent and the validity of the search warrant, was finally completely presented during the May 13, 2013, hearing. The State and plaintiff (Derrick Sangster) were given the opportunity to present argument to the court regarding the validity of the search warrant. After argument, the court determined that the search warrant was valid. Next the parties were given the opportunity to present argument to the court regarding the validity of Joseph's consent and the legality of the search. After argument, the court determined that Joseph Sangster was living at the apartment at the time of the search, and that the officers obtained valid consent from Joseph to search the apartment. The pretrial motion hearing was completed on the May 13, 2013.

Plaintiff pleaded no contest to the first two charges, Possession with Intent – THC and Felon in Possession of a Firearm. He did not appeal the denial of the suppression of the evidence.

## DISCUSSION

Plaintiff contends that he is entitled to summary judgment on his Fourth Amendment claims that defendants encouraged, directed, and acted jointly with a private citizen (his brother Joseph) to illegally enter plaintiff's residence, and to search and seize his property. Plaintiff also contends that defendants conspired with his

brother to illegally enter plaintiff's residence, search and seize his property, and to cover up the illegal entry and search.

In their response to plaintiff's motion for summary judgment and in their own motion for summary judgment, defendants contend that collateral estoppel (issue preclusion) bars plaintiff from claiming in this case that defendants violated his Fourth Amendment rights related to the search of the apartment. They also contend that since there is no Fourth Amendment violation, plaintiff's conspiracy claim must be dismissed.

A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also*, 28 U.S.C. § 1738. "Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010); *Bailey v. Andrews*, 811 F.2d 366, 369 (7th Cir. 1987). Accordingly, a § 1983 plaintiff can be collaterally estopped from relitigating Fourth Amendment claims that were lost at a criminal suppression hearing. *See Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Guenther v. Holmgreen*, 738 F.2d 879, 883-84 (7th Cir. 1984); *see also Munz v. Parr*, 972 F.2d 971, 973 (8th Cir. 1992); *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986). The preclusive effect in federal court of plaintiff's state-court judgment is determined by Wisconsin law. *See Migra*, 465 U.S. at 81.

In Wisconsin, the ruling on an issue raised and necessarily determined in a proceeding that ended in a valid judgment may be, but is not always, preclusive in later

litigation. *Rille ex rel. Rille v. Physicians Ins. Co.*, 300 Wis. 2d 1, 728 N.W.2d 693, 702 (2007); *City of Sheboygan v. Nytsch*, 296 Wis. 2d 73, 722 N.W.2d 626, 630-31 (2006). Not always, because Wisconsin courts apply issue preclusion as a matter of equitable discretion even when the legal elements are met. *Rille*, 728 N.W.2d at 702-03. Judges look to a variety of factors in evaluating whether it would be fundamentally unfair to apply issue preclusion: whether the party opposing issue preclusion could have obtained review of the earlier adverse decision, whether the earlier proceeding was of significantly lower quality or scope, whether the parties' burdens have shifted since the earlier proceeding, and whether the party opposing preclusion lacked an adequate incentive or opportunity to litigate the issue fully in the earlier proceeding. *Paige K.B. ex rel. Peterson v. Steven G. B.*, 226 Wis. 2d 210, 594 N.W.2d 370, 375 (1999); *Michelle T. ex rel. Sumpter v. Crozier*, 173 Wis.2d 681, 495 N.W.2d 327, 330-31 (1993) (deriving factors from Restatement (Second) of Judgments § 28 (1982)).

Plaintiff contends that collateral estoppel/issue preclusion should not prevent him from litigating his claims because he did not have a full and fair adjudication in the state court action. According to plaintiff, his attorney ineffectively represented him, and neither he nor his attorney were able to view "sqd audio/exhibit #5" during the pretrial phase because of encryption software. Thus, plaintiff contends that he had no way of knowing his Fourth Amendment rights were violated when his brother, Joseph Sangster, became a government agent for the Wausau Police Department. Plaintiff contends that the governmental agent issue is distinguished from the criminal Fourth Amendment issue because the squad audio at 15:06 exposes Officer Hines's encouragement of Joseph Sangster to search plaintiff's personal bathroom and bedroom ("Do you just

8

want to look around and make sure there's nothing."). Plaintiff also contends that collateral estoppel/issue preclusion does not apply because he pled no contest to the criminal charges and therefore did not fully adjudicate the issue.

In this case, the precise issues in question – whether Joseph Sangster had the right, capacity, and authority to consent to enter and search the apartment under the Fourth Amendment, and whether the subsequent search warrant the officers obtained was valid under the Fourth Amendment – were actually litigated and necessarily decided in the state criminal case. Plaintiff's motion to suppress and his motion to quash challenged both the entry into the apartment, the initial search, and the validity of the subsequent search warrant the officers obtained. Judge Cane heard argument from plaintiff's attorney and from the State, and Judge Cane heard testimony from Officer Hines, plaintiff, Officer Kickhaver, Officer Cihlar, Officer Fritsch, plaintiff's mother, Officer Zander, plaintiff's father, and from Joseph Sangster. After three days of testimony, Judge Cane determined that the officers obtained valid consent from Joseph Sangster to enter apartment and that the subsequent search warrant was valid. Upon searching the apartment, the officers found marijuana, scales, baggies, firearms, and ammunition.

Plaintiff does not cite admissible evidence in support of his contention that his attorney was ineffective. Plaintiff's defense attorney filed several motions prior to his trial, including two motions to suppress the evidence obtained pursuant to the officers' search of his apartment, both at the time Joseph gave his consent to the search, and subsequent to their obtaining the search warrant. After extensive hearings covering three days, plaintiff's motion to suppress the evidence and motion to quash the search warrant were denied.

There is nothing unfair about applying preclusion in this case. Plaintiff did not challenge Judge Cane's decision to deny the suppression of the evidence. There is no reason to suspect the quality or extent of the suppression hearing fell below the threshold required to justify giving the ruling preclusive effect.

The state court's adverse ruling on plaintiff's motion to suppress and motion to quash precludes plaintiff from relitigating the constitutionality of the searches and Joseph Sangster's ability to consent to search. *See Kaprelian v. Bowers*, 460 Fed. App'x 597, 599-600 (7th Cir. 2012) (collateral estoppel/issue precluded plaintiff who pleaded no contest to criminal charges from relitigating the constitutionality of the seizure of videos collected from his house). Since the legality of Joseph's Sangster's consent, the initial search of the apartment, the search warrant, and the remainder of the search were actually litigated and finally decided by a court of competent jurisdiction, Sangster is now estopped from asserting his Fourth Amendment claim.

Lastly, because I am granting defendants' motion for summary judgment on plaintiff's Fourth Amendment claims, I must also dismiss his conspiracy claim. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) (conspiracy is not an independent basis of liability in § 1983 actions).

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (Docket 49) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket 55) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2017.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          United States District Judge